The judgment of the court was pronounced by
Slidell, J.
This is an action to recover the value of work done for the defendants, under a contract to dig a ditch upon lands which were the separate property of Mrs. Pierson. After the contract had been partially performed, the defendants forbade the plaintiffs to proceed with the work ; and if the testi *126 mony of one of the witnesses be time, the conduct of Pierson on the occasion was violent and alarming.
The case was submitted to a jury, who found a verdict for the plaintiffs. The district judge refused to grant a new tidal; and the defendants have appealed.
The appellants object to the verdict, principally with reference to its amount. They contend, that the evidence is not sufficiently full and specific as to the quantity of the work performed. If we were sitting originally in this matter, without any knowledge of the parties, the locality, the nature of the work, &c., except what is directly derivable from the depositions of the witnesses, we would have easily concluded, that an important amount of work had been performed; but would have had difficulty in estimating its precise extent. But the case has been tried by a jury of the vicinage. It involved no questions of law by which they could have been embarassed, but turned upon mere questions of fact in a matter within their every day experience, and probably, in this particular case, falling under the personal .observation of some of them. Ought we to reverse the assessment of this work which they have made, unless we are prepared to gay, that their verdict is clearly unsupported by the evidence, and must have been the result of caprice and conjecture ? We think not.
The wife was properly held liable, the lands being her paraphernal property, and the work benificial to it. See Dickerman v. Reagan, 2d Ann. 440.
Judgment affirmed, with costs.